# Board of Trustees of Bromley Independent School Dist. No. 38 et al. v. State Board of Education et al.

(Decided June 15, 1937.)

WILLIAM S. WEHRMAN for appellants.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF— Affirming.

Bromley, Kenton county, Ky., is a city of the sixth class, and has heretofore maintained an independent school district. On March 30, 1936, pursuant to authority of Kentucky Statutes Supp. 1934, sec. 4399-3, the State Board of Education ordered the Bromley Independent School District merged with the Kenton County School District, and the Trustees of the Bromley Independent School District brought this suit in. the

Franklin circuit court against the State Board of Education seeking to enjoin it from carrying into effect the order merging the Bromley District with the county district. On the hearing of the case, before the Franklin circuit court, the appellants, plaintiffs below, introduced its proof, and thereupon the court dismissed its petition and refused it the relief sought. Hence this appeal.

It is conceded by counsel for appellants that section 4399-3 authorizes such action on the part of the State Board in circumstances like or similar to the ones involved in this case, where the conditions justify it. But it is insisted that the statute, supra, is not mandatory but directory only and should be exercised with caution and due regard for the interest of all parties, and that in the instant case, appellee State Board of Education acted arbitrarily and abused a sound discretion in discontinuing the Bromley District and consolidating it with the county district. The argument is that the Bromley District can maintain a more efficient program of school service by operating as an independent district than by consolidation with the county school district, and comes within the exception of the statute.

The school code, as amended by chapter 42 of the Acts of 1936, and now appearing as section 4399-3, 1936 Edition of the Kentucky Statutes, provides, among other things, that all school districts embracing cities of the first five classes and all independent graded common school districts having a school census enumeration of 250 or more white children shall hereafter be known and designated as independent school districts, provided that no such district, other than cities of the first five classes operating as independent districts at the time the act becomes effective, shall continue to operate when its school census enumeration of white children falls below 250 pupils, unless it appears to the State Board of Education that the school can maintain a more efficient program of school service by operating as an independent district, and further that the State Board of Education may permit an independent graded school district existing at the time of the passage of the act with a census enumeration of white children below 250, to operate as a temporary school district for four years beginning with July 1, 1934, if it appears to the State Board of Education that such

district can maintain a more efficient program of school service by operating as a temporary independent district, and the decision of the State Board of Education shall be final; provided, at the end of each four-year period the State Board of Education may permit such independent district to operate for an additional four-year period on condition that such inspection as the State Board of Education may make shows that it is operating a school in accordance with the school law and the standards, rules, and regulations set up by the State Board of Education. The State Board of Education may by order make any temporary independent school district a part of the county school district whenever same is not complying with the school law and the standards, rules, and regulations of the State Board of Education, and after it has been given a reasonable time to be fixed by the State Board of Education within which to so comply.

The State Board of Education had previously notified the Bromley School District of a proposed merger and time was asked by the Bromley District in order that it might qualify as a regular subdistrict, and the State Board of Education granted the Bromley District the right to operate as an independent district for a period of one year as an emergency independent district. It appears that at the end of the year the Bromley District had not met the requirements of the State Board of Education, and it then proceeded to make the order of consolidation.

It is conceded that appellant Bromley District has a pupil census of only 213, and of this number 73 attend the Ludlow High School and only 160 pupil children are in actual attendance at the Bromley School. The statute, supra, expressly provides that no independent school district shall continue to operate after the effective date of the act when its school census enumeration of white children falls below 250 pupils, subject, however, to the proviso that it may continue if it appears to the State Board of Education that the district can maintain a more effective program of school service by operating as an independent school district, in which event the State Board of Education may permit such independent district to operate as a temporary independent district for a period of four years. On this point it is insisted for appellant that the State Board of Education should have permitted it to con-

tinue for the period of four years, in the language of the statute, instead of one year. It appears, however, that the new school code, Acts 1934, c. 65, vests the State Board of Education with wide discretionary power in governing and handling the educational affairs of the state, and we think the meaning of the statute is that the State Board of Education may grant to such independent district the right to operate for a period of time not exceeding four years; but if in its judgment the circumstances may justify a less period of time, it may fix such time as in its judgment may appear reasonable, not exceeding four years, which is the maximum time in any event, or it may refuse any extension.

It is shown by the evidence taken for appellant that the nearest county school district is three and one-half miles distance from the Bromley District, and it is necessary that the school children be transported by motorbus or other means of conveyance from Bromley to the nearest school district; and it is insisted that the road between the two districts is unsafe and likely to endanger the safety of the pupil children. However, the same witnesses on cross-examination said that the school children have been transported over the same road for a number of years and no injury or accidents have occurred. It is also shown that the Bromley District has a modernly equipped building and facilities. But it is admitted that it does not maintain a twelve-grade school required by section 4399-3 of the Statutes, but only maintains the first eight grades, but this provision of the statute is sought to be satisfied by the fact that the Bromley District had been contracting with the Ludlow District to teach the four higher grades, but we find no provision of the statute authorizing an independent district to make such contract with another district. This right is conferred upon the county board of education by section 4399-2.

The further argument is that the Bromley District could maintain a more efficient program of school service by operating as an independent district than by consolidating with the county district. But this is a matter which rests in the discretion of the State Board of Education, and the assertion that the Bromley District can maintain a more efficient program of school service by operating as an independent district seems to be a conclusion not supported by the evidence.

The further insistence is that the court erred in dismissing appellants' petition and refusing it the relief sought by not requiring the State Board to show by proof that the Bromley District had not complied with the rules, regulations, curriculum, and standards set forth by the State Board of Education or by statutory authority. However, under the provisions of the statute and the admitted fact, the chancellor did not deem it necessary to require proof on the part of the State Board, and concluded that the pleadings and evidence of appellant, when measured to the statute, failed to establish its case.

In County Board of Education of Bath County v. Goodpaster, 260 Ky. 198, 84 S. W. (2d) 55, it is said that no subdistrict shall exist which has less than the number of pupils residing therein required by the statute. In the present case the statute provides that no independent graded school district shall exist with less than 250 white pupil children therein, subject to the provisions or exceptions we have mentioned, which, of course, rests solely in the discretion of the State Board of Education. It appears that the only question involved in the present case is whether or not the State Board abused its discretion in taking the action complained of. The statute under consideration does not provide that the State Board of Education may do the things therein provided in the exercise of a sound discretion, but simply says that the board may do so. Some statutes when conferring discretion in the exercise of authority specifically use the words "in the exercise of a sound discretion," or words of like import, and in such instances the court will be given a wider authority in reviewing such discretions when exercised. But when a statute confers upon a board or other authority the right to do or not to do a thing, it is conclusive on the courts, unless, however, it is made to clearly appear that the act done, or refused to be done, was unreasonable, arbitrary, and pernicious.

In the case of Bancamerica-Blair Corporation et al. v. State Highway Commission et al., 265 Ky. 100, 95 S. W. (2d) 1068, 1071, in discussing the exercise of discretionary power of the highway commission, it is said:

"Certainly, the commission had power to exercise a discretion in the matter, whether it was exercised soundly or not. The very essence of a dis-

cretionary power is that the person or persons exercising it may choose which of several courses will be followed. The power to exercise an honest discretion necessarily includes the power to make an honest mistake of judgment."

Conceding arguendo that in the present case it may be more convenient and might be to the better interest of the pupil children residing in the Bromley District for the State Board of Education to have granted the district a further extension of time to comply with the statute and the rules and regulations of the State Board, yet we do not think that the court is authorized to intervene and substitute its discretion for that of the State Board of Education.

Judgment affirmed.